**IN THE COURT OF APPEALS OF IOWA**

No. 15-0635
Filed July 9, 2015

**IN THE INTEREST OF C.P. AND K.P.,**
**Minor Children,**

**S.M., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.

A mother appeals the termination of her parental rights to her two children born in 2009 and 2010. **AFFIRMED.**

Charles Elles, Bettendorf, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County Attorney, for appellee State.

Jack Dusthimer, Davenport, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

An incarcerated mother appeals the termination of her parental rights to two children, born in 2009 and 2010. She does not challenge the grounds for termination. She simply argues the district court (1) should have "granted additional time for [her] to be released on parole and work on her reunification with the children" and (2) termination "was not in the children's best interest."

Our de novo review of the record reveals the following facts. The children were removed from the parents' care based on the parents' abuse of alcohol and marijuana while caring for them. Meanwhile, the mother pled guilty to two counts of child endangerment involving other children, was sentenced to two consecutive prison terms not exceeding five years each, and remained in prison at the time of the termination hearing.

Although the mother testified parole was imminent, her counselor recommended against parole until she completed a nine-month substance abuse program. At the time of a rescheduled termination hearing, the Iowa Board of Parole had yet to receive the mother's papers and the mother could only speculate on what action the board would take.

We agree with the district court that the children were in need of permanency and should not have to wait "while their parent attempts to put [her] life in order." Accordingly, additional time for reunification was not warranted. *See* Iowa Code § 232.104(2)(b) (2013).

Termination also must be in the children's best interests. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). An Iowa Department of Human Services social worker acknowledged the mother shared a close bond with the children. The

mother additionally pointed to eight certificates she received for completing rehabilitative programs within the prison. Nonetheless, her substance abuse and anger issues and her propensity to associate with men having similar issues lead us to conclude termination was in the children's best interest.

**AFFIRMED.**